[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON FOURTH COUNT
This is an action in four counts, the first three counts claiming damages from Brian DePerry for default under a security agreement, conversion and illegal disposition of the collateral.
In the fourth count of its second amended complaint, plaintiff alleges that DePerry transferred a Hitachi excavator CT Page 7459 to the defendant Wholesalers without plaintiff's consent, and that Wholesalers converted the excavator to its own use by refusing to return it to plaintiff.
On November 17, 1992, plaintiff filed a motion for summary judgment on the fourth count accompanied by a memorandum of law and four exhibits. On January 15, 1993, Wholesalers filed its objection to plaintiff's motion for summary judgment, with a memorandum of law and seven exhibits. Subsequently, each party has filed additional memoranda, affidavits and documents.
The following relevant facts are uncontradicted: On February 10, 1989, DePerry executed a security agreement with plaintiff describing a Volvo dump truck and a Hitachi excavator, as collateral given by DePerry to secure his debt to plaintiff. On February 11, 1989, plaintiff filed a financing statement with the Office of the Secretary of State, containing DePerry's and plaintiff's names and addresses, and describing the Volvo dump truck and the Hitachi excavator as the property covered by the financing statement. On February 2, 1991, DePerry sold the Hitachi excavator to Wholesalers, and on June 24, 1991, Wholesalers sold the Hitachi excavator to a third party. Wholesalers has not turned over possession of the Hitachi excavator to plaintiff since the commencement of litigation against Wholesalers.
In support of its motion, plaintiff argues that it holds a valid, perfected security interest in the Hitachi excavator which Wholesalers purchased from DePerry and that the unauthorized sale to Wholesalers is an event [identified] under the security agreement entitling plaintiff to immediate possession of the Hitachi excavator. Plaintiff claims that since Wholesalers has refused to return the Hitachi excavator to plaintiff, that under General Statutes 42a-9-201 and42a-9-306(2), the plaintiff is entitled as a matter of law to a judgment against Wholesalers for conversion.
In opposition to the motion, Wholesalers argues that it is a buyer in the ordinary course of business, as that term is defined in General Statutes 42a-1-201 (9), and that it took the Hitachi excavator free of plaintiff's security interest pursuant to General Statutes 42a-9-307 (1).
Plaintiff argues, in its supplemental memorandum, that Wholesalers is not entitled to the protection afforded to buyers CT Page 7460 under General Statutes 42a-9-307(1), because DePerry was not a merchant engaged in regularly selling construction equipment from inventory. Wholesalers replies, in its supplemental memorandum, that DePerry's newspaper advertisements and representations that he was ordinarily engaged in the sale of used equipment led Wholesalers to the conclusion that DePerry qualified as a seller of goods of this type.
Section 42a-9-307(1) states in relevant part that:
 A buyer in ordinary course of business as defined by subsection (9) of section 2a-1-201 . . . takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence.
General Statutes 42a-9 — 307(1).
Section 42a-1-201(9) states in relevant part that:
 "Buyer in ordinary course of business" means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbrokers. (Emphasis added.)
We agree with Wholesalers claim that DePerry's deposition testimony does not prove conclusively that the nature of DePerry's business was one of construction only. Since the determination of whether Wholesalers is a buyer in the ordinary course of business depends upon the unresolved issue of whether DePerry was a person in the business of selling used equipment, there is a unresolved question of material fact.
Plaintiff's motion for summary judgment on the fourth count is denied.
Wagner, J.